IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3010 |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL OFFICER TERESA KOEHLER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

I. **INITIAL REVIEW OF COMPLAINT**

    A. **Summary of Complaint**

The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff filed his complaint on January 17, 2008, against Teresa Koehler, who Plaintiff identifies as a "correctional officer" at the "Diagnostic Center." (Filing No. 1 at p. 2.) Plaintiff seeks relief against Koehler in both her individual and official capacities. (*Id.* at p. 1.)

Condensed and summarized, plaintiff alleges that on February 9, 2007, plaintiff was incarcerated at the Diagnostic and Evaluation Center in Lincoln, Nebraska. (*Id.* at p. 5.) He was asleep "on the floor" when defendant Koehler "drop[ped] salt" in plaintiff's eyes in order to wake him. (*Id.*) Plaintiff required medical attention for eye pain, "burning," and "blurred vision" in his right eye. (*Id.* at pp. 5-6.)

Plaintiff alleges that defendant's conduct of dropping salt in plaintiff's eyes/face violated the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff requests that the Court award damages in the amount of $250,000.00. (*Id.* at p. 6.)

**B.     Applicable Legal Standards on Initial Review**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v.*

-2-

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.** **Discussion of Claims**

1. Claims Against Defendant in Her Individual Capacity

Liberally construed, plaintiff's claims are claims for violations of the Eighth Amendment relating to excessive force while in custody. (Filing No. 1 at pp. 5-6.) The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain" by their jailers. *U.S. v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007). As set forth in *Miller*:

> When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117

>>L.Ed.2d 156 (1992). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994).

*Id.* at 647.

In evaluating whether an officer acted in good faith when using physical force to restrain an inmate, courts should consider the following factors:

>1. The need for force;
>
>2. The correlation between the need for force and the amount of force used;
>
>3. The extent of the inmate's injury;
>
>4. The threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and
>
>5. Any attempt by the officers to temper the severity of the response.

*Stenzel v. Ellis*, 916 F.2d 423, 427 (8th Cir. 1990). When a prisoner, having been warned several times, "refuses to comply with a legitimate jail security regulation, the incident has escalated into a 'disturbance . . . that indisputably poses

significant risks to the safety of inmates and prison staff.'" *Id.* at 426 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1990).

Here, plaintiff alleges that he was sleeping and that defendant woke him by dropping salt in his eyes/face. There is no indication plaintiff had refused to comply with defendant's orders or was otherwise acting in a threatening manner. In light of this, the Court finds that plaintiff has set forth enough facts to nudge his claims across the line from conceivable to plausible. As a result, and subject to the dismissal based on sovereign immunity grounds below, plaintiff's claims for excessive force against defendant Koehler in her individual capacity may proceed. However, the Court cautions plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of plaintiff's claims or potential defenses thereto.

2.   Claims Against Defendant in Her Official Capacity

"[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389 (1998). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity. However, damages claims against

-5-

individual state employees acting in their official capacities are barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, plaintiff seeks relief against defendant in both her individual and official capacities. However, plaintiff seeks only monetary damages and does not seek injunctive relief. Further, even if plaintiff has requested injunctive relief, plaintiff is no longer incarcerated in the Diagnostic and Evaluation Center. (Filing No. 1 at p. 1.) Presumably, therefore, he no longer has contact with defendant Koehler, thus making any claim for injunctive relief moot. For the foregoing reasons, plaintiff's claims against defendant in her official capacity will be dismissed.

## II. APPOINTMENT OF COUNSEL

In his complaint, plaintiff seeks the appointment of counsel (Filing No. 1 at p. 7.) However, the Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel . . . . The trial court has broad discretion to decide whether both the plaintiff and the Court will benefit from the appointment of counsel." *Id.* Such a showing has not been made here. The

request for the appointment of counsel will be denied without prejudice.

IT IS ORDERED:

1. After initial review of the complaint in this matter, plaintiff's claims against defendant in her official capacity are dismissed.

2. Plaintiff's claims against defendant in her individual capacity may proceed and service is now warranted as to those claims only.

3. To obtain service of process on defendant, plaintiff must complete and return the summons forms which the clerk of the court will provide. The clerk of the court shall send one (1) summons form and one (1) USM-285 form (for service on defendant in her individual capacity only) to plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

The clerk of the court will copy the complaint, and plaintiff does not need to do so.

  5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

  6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

  7. The clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "August 4, 2008:  Check for completion of service of summons."

  8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff

shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 7th day of April, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court