IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3010 |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL OFFICER TERESA | ) | MEMORANDUM AND ORDER |
| KOEHLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for copies (Filing No. 8), motion to appoint counsel (Filing No. 9), and motion to extend the time to pay the filing fee (Filing No. 10).

In his motion for copies, plaintiff seeks copies of every document filed in this matter "for his records."  (Filing No. 8.)  While plaintiff has been granted in forma pauperis status, the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973).  If plaintiff requires copies of court documents, he

should contact the clerk of the court to determine the proper method of requesting and paying for copies.  Plaintiff's motion for copies will be denied.

Plaintiff also filed a motion to appoint counsel, which plaintiff notes is "revised."  (Filing No. 9.)  Plaintiff requests counsel because of his lack of legal expertise and his inability to pay for a "jailhouse lawyer."  (*Id.*)  The Court finds that circumstances have not changed in the two-week period since appointment of counsel was previously denied and therefore will deny the revised motion.

In his motion to extend the time to pay the filing fee plaintiff seeks an additional 30 days in which to pay the initial partial filing fee in this matter.  As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001).  Plaintiff's motion to extend will be granted, and he shall have additional time in which to submit the initial partial filing fee to the Court. Accordingly,

-2-

IT IS ORDERED:

1)   Plaintiff's motion for copies is denied.

2)   Plaintiff's revised motion to appoint counsel is denied.

3)   Plaintiff's motion to extend the time to pay the filing fee is granted.  Plaintiff shall have until June 2, 2008, in which to pay the initial partial filing fee of $1.30 in accordance with the Court's previous Memorandum and Order.

DATED this 17th day of April, 2008.

BY THE COURT:

/s/ Lyle E.  Strom

LYLE E. STROM, Senior Judge
United States District Court

-3-