```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA
```

MICHAEL S. STAFFORD,           )
                               )
            Plaintiff,         )      4:08CV3010
                               )
      v.                       )
                               )
CORRECTIONAL OFFICER TERESA    )      MEMORANDUM AND ORDER
KOEHLER,                       )
                               )
            Defendant.         )
_____)

This matter is before the Court on defendant's motion to dismiss (Filing No. 22). Defendant filed a brief in support of her motion (Filing No. 23). Plaintiff filed an objection to the motion (Filing No. 28). The motion will be denied.

### I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his complaint on January 17, 2008, against Teresa Koehler, who plaintiff identifies as a "correctional officer" at the "Diagnostic Center." (Filing No. 1 at CM/ECF p. 2.) Upon initial review, the Court dismissed plaintiff's official capacity claims but permitted plaintiff to proceed on his individual capacity Eighth Amendment claims.[1] (Filing No. 7 at CM/ECF p. 7.)

---

[1] The Court liberally construed the complaint to raise claims only under the Eighth Amendment (Filing No. 7). Plaintiff agrees that his complaint "fall[s] under the Eighth Amendment" and does not raise any Fourteenth Amendment claims (Filing No. 28 at CM/ECF p. 3).

Plaintiff alleges that on February 9, 2007, plaintiff was incarcerated at the Diagnostic and Evaluation Center in Lincoln, Nebraska (Filing No. 1 at CM/ECF p. 5). He was asleep "on the floor" when defendant Koehler "drop[ped] salt" in plaintiff's eyes in order to wake him. (*Id.*) Plaintiff required medical attention for eye pain, "burning," and "blurred vision" in his right eye. (*Id.* at CM/ECF pp. 5-6.)

Plaintiff alleges that defendant's conduct of dropping salt in plaintiff's eyes/face constituted "cruel and unusual punishment" which violated the Eighth Amendment to the U.S. Constitution. Plaintiff requests that the Court award damages in the amount of $250,000.00. (*Id.* at CM/ECF p. 6.)

## II.  STANDARD OF REVIEW

The standard on a motion to dismiss is the same as that previously applied on initial review of the complaint. Where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). The Court must "view the complaint most favorably to" the non-moving party and "may dismiss only if it is clear that no relief could

-2-

be granted under any set of facts that could be proved consistent with the allegations." *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 926 (8th Cir. 1993) (quotations omitted); *see also Carter v. Hassell*, No. 07-1145, 2008 WL 649180, *1 (8th Cir. Mar. 12, 2008) (citing *Ring* and noting that "dismissal is appropriate only in unusual case where plaintiff includes allegations showing on face of complaint there is some insuperable bar to relief").

Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, "[a] document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quotations omitted); *see also Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.     DEFENDANT'S MOTION TO DISMISS

Defendant argues that the complaint should be dismissed because plaintiff failed to specifically allege that defendant acted sadistically or maliciously with intent to harm (Filing No. 23 at CM/ECF pp. 5-7). The Court disagrees. The Eighth Amendment protects prisoners from the "unnecessary and wanton

-3-

infliction of pain" by their jailers. *U.S. v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007). As set forth in *Miller*:

> When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994).

*Id.* at 647.

In evaluating whether an officer acted in good faith when using physical force to restrain an inmate, courts should consider the following factors:

1) The need for force;

2) The correlation between the need for force and the amount of force used;

3) The extent of the inmate's injury;

4) The threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and

-4-

>    5)   Any attempt by the officers to temper the severity of the response.

*Stenzel v. Ellis*, 916 F.2d 423, 427 (8th Cir. 1990). When a prisoner, having been warned several times, "refuses to comply with a legitimate jail security regulation, the incident has escalated into a 'disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff.'" *Id.* at 426 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1990).

As the Court stated in its initial review, plaintiff alleges that he was sleeping when defendant woke him by dropping salt in his eyes and face, causing him injury. Although plaintiff does not specifically use the words "maliciously" or "sadistically" in describing defendant's actions, there is no indication that plaintiff refused to comply with defendant's orders or was otherwise acting in a threatening manner. Further, plaintiff was asleep at the time. These allegations "do not facially show that the force . . . used was reasonably necessary under the circumstances." *Carter*, 2008 WL 649180 at *1. At this stage of the proceedings, and liberally construing the complaint, the Court cannot say "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ring*, 984 F.2d at 926. The motion to dismiss will be denied without prejudice to reassertion in a motion brought pursuant to Federal Rule of Civil Procedure 56.

IT IS ORDERED:

1) Defendant's motion to dismiss (Filing No. 22) is denied.

2) Defendant shall file an answer within 10 days in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

3) Plaintiff's motion to have defendant evaluated by a professional (Filing No. 29) is denied.

DATED this 28th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court