IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3010 |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL OFFICER TERESA KOEHLER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's amended motion for summary judgment (Filing No. 50). The motion will be granted.

## I.   BACKGROUND

Plaintiff Michael S. Stafford ("Stafford") filed his complaint in this matter on January 17, 2008 (Filing No. 1). The Court conducted an initial review and dismissed Stafford's official capacity claims against defendant Theresa Koehler ("Koehler")(Filing No. 7). However, the Court permitted Stafford's Eighth Amendment excessive force claim against Koehler in her individual capacity only to proceed. (*Id.*)

Liberally construed, Stafford alleges that Koehler "drop[ped] salt" in plaintiff's eyes in order to wake him, which constituted excessive force and cruel and unusual punishment under the Eighth Amendment (Filing No. 1). Koehler filed a motion for summary judgment, and later filed an amended motion

for summary judgment (Filing No. 50).¹  Koehler's amended motion argues that Stafford's complaint must be dismissed because she is entitled to qualified immunity.  (*Id.*)  Along with her amended motion, Koehler also filed an index of evidence (Filing No. 52) and a brief in support (Filing No. 51).  Stafford did not file an opposition brief or any other response to Koehler's Motion.  (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law."  NECivR 56.1(a)(1).  If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts."  NECivR 56.1(b)(1).  Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition.  *Id.*  "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response."  *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on

---

¹ The Court cannot determine the difference between the two motions, or why an amendment was necessary.  Regardless, the amended motion is the operative motion, and the Court will disregard the earlier motion.

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendant submitted a statement of material facts in accordance with the Court's Local Rules. However, Stafford has not submitted any "concise response" to those facts. Further, defendant submitted evidence which was properly authenticated by affidavit. Stafford did not. This matter is deemed fully submitted and the material facts set forth by defendant in her brief are "deemed admitted" and are adopted below.

## II. RELEVANT UNDISPUTED FACTS

1. On February 10, 2007, Stafford was one of many inmates sleeping on cots on the floor in the dayroom/dining room at the Nebraska Department of Correctional Services' Diagnostic and Evaluation Center.

2. Koehler was in the process of waking Stafford for breakfast by tapping her foot on the side of his cot. Around that same time, Koehler was setting up for breakfast in the dayroom.

3. Another inmate handed Koehler salt and pepper shakers, which she intended to place on a table along with the other prep items for breakfast. The cot on the dayroom floor where Stafford was sleeping was next to the table where Koehler intended to place the salt and pepper shakers.

      4.    As Koehler woke Stafford, several grains of salt accidentally came out of the top of the shaker, fell on Stafford's face, and entered his right eye.

      5.    Stafford woke and asked to see a supervisor. Stafford did not request any medical attention at that time.

      6.    Several minutes later, Stafford asked Koehler for something to wash his eye out, and Koehler promptly instructed staff to provide Stafford with liquid to wash out his eye.

      7.    Koehler then contacted Sergeant Colby Hank, who instructed her to complete an accident injury report, an incident report, and have Stafford seen by medical staff.

      8.    Stafford was taken to the institution's hospital, where a registered nurse used an antibiotic drop to the right eye to help correct the problem of itchiness and slight blurred vision.

      9.    Stafford returned to the unit with instructions of sending an interview request if any problems continued.  (Filing No. 51 at CM/ECF pp. 1-3; Filing No. 52.)

### III.    ANALYSIS

**A.    Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the Court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

### B. Defendant's Motion -- Qualified Immunity

Defendant argues that she is entitled to qualified immunity as to Stafford's remaining claim because he has not

shown the violation of a constitutional right (Filing No. 51 at CM/ECF pp. 5-7). The Court agrees and finds that summary judgment in favor of defendant is warranted.

> 1. Legal Standards

Qualified immunity is a question of law to be determined by the Court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but

"exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The Court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand that their conduct was unlawful . . . ." *Henderson v. Munn,* 439 F.3d 497, 501 (8th Cir. 2006) (citations and quotations omitted). Thus, the "initial inquiry is whether the facts as alleged show that the officers' conduct violated a constitutional right. . . . If the facts do not show a violation, [a court] need not proceed further with the qualified immunity analysis." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007).

2. Deprivation of a Constitutional Right

Liberally construed, plaintiff alleges that defendant violated his Eighth Amendment rights when she dropped salt in his eyes as she woke him (Filing No. 1). As set forth by the Court in its initial review, the Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain" by their jailers. *U.S. v. Miller,* 477 F.3d 644, 647 (8th Cir. 2007). As further explained in *Miller*:

> When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994).

*Id.* at 647.

Viewed in the light most favorable to Stafford, the undisputed facts show that Koehler dropped a few grains of salt on Stafford while she was attempting to wake him because she was preparing breakfast tables at the same time. Stafford was immediately given medical treatment for his eye, including a liquid eye wash and antibiotic eye drops. There is nothing on the record before the Court showing that the events Stafford complains of were anything other than an accident. Koehler did not intend to injure Stafford and the accidental "force" used was not malicious or sadistic in any way. In light of these findings, Stafford has not established that Koehler violated his Eighth Amendment rights and there is no need to proceed with the second part of the qualified immunity analysis. Koehler is

entitled to qualified immunity and the claims against her in her individual capacity will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

      DATED this 10th day of December, 2009.

                      BY THE COURT:

                      /s/ Lyle E.  Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court